IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1870, AT ST. LOUIS.

---

PETER J. HURCK and WM. M. PRICE, Defendants in Error, *v.* GREENE ERSKINE, Plaintiff in Error.

1. *Bills and notes secured by deed of trust — Priority of payment, although all become due on default of payment on one note.*—Although by the express terms of a deed of trust the notes secured all became due upon the first default in payment, it did not follow that they stood on an equality in the distribution of the fund. Without an express agreement to that effect, the priority of claims in such case will not be impaired or interfered with. (Mitchell v. Ladew, 36 Mo. 526; Mason v. Barnard, *id.* 384, affirmed.)

*Error to St. Louis Circuit Cou*

*Gantt*, for plaintiff in error.

When the deed contains a contract or provision changing the order of payment, such contract or provision will be enforced by the courts. (Ellis, Adm'r of Lamme, v. Lamme, 42 Mo. 154; Bank of U. S. v. Singer, 13 Ohio, 240; Morgan v. Martin, 32 Mo. 438; Mason v. Barnard, 36 Mo. 384; Mitchell v. Ladew, *id.* 526; Thompson v. Field, 38 Mo. 320.) These provisions,

in the deed under consideration, place all the notes upon an equal footing so far as the security furnished by the deed is concerned; and upon default in the payment of the first note, the trustee was compelled to treat them as being on an equal footing. (See authorities above cited.)

*Harding & Crane*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

In this case Hurck, the plaintiff, was the trustee in a deed of trust executed by Frank Erskine and G. W. Rucker, to secure the payment of three several promissory notes, each for $6,250, to Wm. M. Price, due in one, two, and three years, respectively. Before maturity, Price, the payee, sold and assigned the first note to Greene Erskine, one of the defendants in this suit. The note was not paid when it became due, and no steps were then taken to enforce collection. After several months had elapsed, Greene Erskine desired Hurck, the trustee, to proceed and sell the property for the purpose of satisfying the debt. Hurck waited till the second note became due, and then sold the property, Price becoming the purchaser, for more than enough to pay off the first two notes, but less than enough to satisfy all three.

After the usual granting clause, the deed of trust contained the following provision: "Now, if said notes and interest, and every part thereof, be well and truly paid when due, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of said parties of the first part; but if said notes or interest, or any part thereof, be not well and truly paid when due, then all of said notes shall become forthwith due and payable, whether due on their face or not."

Erskine claimed that his note first falling due, he was entitled to full satisfaction out of the proceeds, whilst Price contended that he was only entitled to an equal distributive share. In this contention the trustee brought his suit to compel the defendants to interplead and have their rights adjusted by the court. The Circuit Court adjudged a *pro rata* distribution, and decreed that an equal third be applied to each note respectively. Erskine excepted and sued out his writ of error.

In Mitchell v. Ladew, 36 Mo. 526, it was held that where a deed of trust secures several notes maturing at different dates, the notes shall be paid and satisfied in the order of priority in which they mature, notwithstanding they may be all due at the time the sale is made. The question was again considered and affirmed in Thompson v. Field, 38 Mo. 320.

But it was argued here that by the express terms of the deed of trust the notes all became due upon the first default in payment, and therefore they stood on an equality in the distribution of the fund. We do not concur in this view. A similar question arose in the case of Mason v. Barnard, 36 Mo. 384. There, by the terms of the deed of trust, the trustee was empowered to sell all the property when the first note fell due; and they were all to be considered, at the option of the person holding the same, to be matured upon the first default. On that occasion we said: " The reason for such a provision is obvious. Upon a sale of the whole property, if the purchase money exceeds the amount due on the first note, it would have to lie in the hands of the trustee without interest till the succeeding note matured, if no condition was made to the contrary; and the condition inserted to elect to consider them all due, was for the purpose of distributing the trust fund to all when the property was sold, but for that purpose only."

When a sale has to be resorted to and the property sold, on account of default in the payment of any of the notes, it is advisable and advantageous that they should all be considered due, that a final adjustment should be made, and the parties entitled thereto should receive their money instead of suffering it to lie idle in the hands of the trustee. But without an express agreement to that effect, the priority of the claims will not be impaired or interfered with.

Ellis, Adm'r, v. Lamme, 42 Mo. 154, has been cited as an authority to sustain the judgment of the court below. But that case was decided upon a construction of the agreement entered into between the parties, and has no analogy to the one we are now considering. The deed there was given to secure the payment of two promissory notes made and executed by Lamme to

the plaintiff. The first was made by Lamme alone, and was due twelve months after date; the other was executed by Lamme, with defendant and Rollins. as securities, and due and payable two years after date. By agreement of parties, and by the express terms of the deed, the proceeds of the property were to be appropriated, first, to the costs and expenses of executing the trust; second, to the payment of the note specified on which defendant and Rollins were securities; and third, to the payment of the note due to the plaintiff and executed by Lamme alone. In distinguishing that case from Mitchell v. Ladew, it was declared that the principle of law therein asserted would apply where there was no special agreement to the contrary between the parties. But as by positive contract the parties had agreed that the trust fund should be applied to the payment of the notes transversely, and the second note, on which there was security, was to be satisfied first, that agreement was binding, and should therefore prevail. The case is therefore no authority for the position contended for, and wholly fails to sustain the judgment.

The principles announced in Mitchell v. Ladew, and Mason v. Barnard, are, we think, decisive of the case at bar; and the result is that the judgment of the Circuit Court must be reversed and the cause remanded.

Reversed and remanded. The other judges concur.