THE STATE OF MISSOURI, *ex rel.* CHARLES GIBSON, Relator,
*v.* JUDGE OF ST. LOUIS CIRCUIT COURT, Respondent.

### March 30, 1876.

1. *Mandamus* is not the proper remedy for the correction of a judicial error.
2. An alternative writ of *mandamus*, to compel a trial court to enter final judgment in accordance with the mandate of an appellate court, will not be granted where the record does not disclose what the mandate of the appellate court was.

APPLICATION for *mandamus.*

*Writ denied.*

*A. J. P. Garesché,* for relator, cited : Bryan *v.* Smith, 16 Mo. 322 ; Leeches & Neenan *v.* Dugdale, 41 Mo. 318 ; Franz *v.* Dietrich, 49 Mo. 95 ; Hurck *v.* Erskine, 50 Mo. 119 ; Young *v.* Frost, 1 Md. 397 ; Biscoe *v.* Tucker, 14 Ark. 522 ; Minor *v.* Medbury, 7 Wis. 100.

GANTT, P. J., delivered the opinion of the court.

We are asked in this case to award against the judge of the St. Louis Circuit Court, presiding in room No. 1, an alternative writ, ordering him to show cause why he should not be directed to enter final judgment in favor of the relator, in a cause pending before him on exceptions to the final settlement of Charles Gibson, executor of Hamilton R. Gamble.

The record of the cause is not brought before us, but we are told in the petition for the writ that, after a trial in the Probate Court, judgment against the relator, and appeal to the Circuit Court, the cause was tried at great cost of time and money ; that the Circuit Court decided against the relator ; that he thereupon appealed to the Supreme Court, which reversed the judgment. The particulars of its action do not appear. The language employed by the relator is, " and thereupon the said Supreme Court reversed and remanded said cause to said Circuit Court."

We are then told that, upon the cause being thus remanded, the relator moved the Circuit Court to enter

final judgment in conformity with the mandate of the Supreme Court, but the Circuit Court overruled the motion, and relator excepted ; and thereupon the Circuit Court again referred the case to a referee, to hear evidence and make a report upon which the Circuit Court may proceed to render final judgment.

The relator alleges that such reference will be productive of loss of time and waste of money, and that the duty of the Circuit Court is " to enter judgment in conformity with the mandate from said Supreme Court, and as moved by the relator." Upon this showing, the relator asks for the writ indicated in the first lines of this statement.

We are very clear that the writ must be denied. Let it be imagined that it were issued, and that the judge of the St. Louis Circuit Court should return that he had complied with the mandate of the Supreme Court by making the order of which the relator complains ; would we have any means of knowing whether that order was indeed a compliance with the mandate? We certainly would have no such means. All that we know, with the least approach (and it is only an approximation) to accuracy, is that the Supreme Court has reversed and remanded the cause for further proceedings in the Circuit Court. It would be a strange departure from the rule which enjoins the utmost precision of statement when an extraordinary writ is asked for, to grant such a remedy upon allegations like this. If it be said that, an alternative writ being granted, all the merits of the matter will appear by the return made to it, the answer is that such merits should appear in the first instance. Besides, suppose the judge should decline to show cause altogether, we would have nothing but conjecture to warrant the issue of a peremptory writ, yet the obvious dictate of propriety is that an alternative writ should not be granted until and unless it is made to appear that the applicant is entitled to it, unless cause be shown to the contrary.

2. According to the most probable opinion we can form, the matter to be decided and the course to be pursued by the Circuit Court, in the cause to which the relator is a party, will depend on the determination of a judicial question. Even if the record be in the same or an analogous condition with that which existed in the case of *Hurck* v. *Erskine* et al., when it was decided in 45 Mo. 484, the question as to the proper action of the Circuit Court in the remanding of the cause is, unequivocally, a judicial one. It was so in that case. A motion for final judgment made in the Supreme Court, in that cause, at the March term, 1870, directly upon the delivery of the opinion of the court reversing the judgment and remanding the cause, was considered and overruled; and when the cause reached the Circuit Court, with the mandate of the Supreme Court, not only did the judge presiding in room No. 1 compel the parties to try the cause anew, but the judges of the court in general term were unanimous in approving his action. We certainly have no warrant for supposing that the record in the case to which the relator is a party presents a question as free from doubt as that which was decided in 45 Mo. 484, and 50 Mo. 116, for we do not see the first-named record at all, and have no means of which we can take judicial cognizance of estimating its tenor; but, if it were before us and were entirely similar, we should be compelled to refuse the writ of *mandamus*. It is not the appropriate mode of correcting judicial error. Other means exist for this purpose, and to them the relator must resort. See High on Rem., sec. 10 and following, and cases there cited. We are told that the relator will be annoyed, and that large costs will be incurred by the prolongation of this litigation beyond its necessary limits. This is, of course, an evil, but we cannot for that reason apply a remedy which the law does not sanction. It is consoling to reflect that the large costs anticipated by the relator must fall on the party who is in the wrong. For ourselves, however,

35

we must decline to arrest by writ of *mandamus* judicial action which one of the parties considers erroneous. Judge BAKEWELL does not take part in this cause, having been of counsel in a matter connected with the principal case. Judge LEWIS concurs.