STATE OF MISSOURI, AT THE RELATION OF A. BOECKLER ET AL., *v.* A. M. THAYER, JUDGE, Respondent.

### June 28, 1881.

*Mandamus* will not lie to compel a trial judge to permit the filing of a pleading in a cause pending before him; though it is claimed that the relator can in no other way assert an alleged constitutional right.

APPLICATION for *mandamus*.

*Writ denied.*

GIVEN CAMPBELL, for the relators.

H. D. WOOD and T. J. PORTIS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an application for a *mandamus* to be directed to

one of the judges of the St. Louis Circuit Court, commanding him to permit an answer to be filed in a certain proceeding pending in that court. The issuing of the alternative writ was waived, and respondent demurs to the petition.

The petition sets out that the Missouri Pacific Railroad, on December 10, 1879, being then a corporation, etc., filed in the clerk's office of the Circuit Court of the Eighth Judicial circuit, a petition stating that it has become necessary for the purposes of the railroad, to acquire a public use in a certain block of ground in Carondelet, claimed to be owned by Adolph Boeckler and others (the relators of plaintiff in the present proceeding) ; that they have refused to relinquish the right of way; and that the road has been unable to agree with them for proper compensation, and has offered to pay full value, and praying for the appointment of commissioners to assess damages. Defendants in that proceeding, relators here, were duly served with notice and demurred to the petition on the ground that it did not set forth facts sufficient in law to warrant the relief prayed. The demurrer was overruled, whereupon the defendants in that proceeding, who are the relators of plaintiff herein, offered to file an answer, which is set out in full, denying that the appropriation of property sought by the railroad is for public use. The judge of the Circuit Court in which the proceeding was pending refused leave to file the answer. Plaintiff's relators excepted to this ruling, and they pray this court to issue the writ of *mandamus* to compel the circuit judge to permit the filing of this answer.

The rule is well established, both in Missouri and elsewhere, that appellate courts will not interfere by *mandamus* where the questions involved can be tried on appeal. It is not the province of this writ, which courts always grant with great circumspection, to correct errors of subordinate tribunals when acting within their jurisdiction. Nor does the fact that the decision bears oppressively upon the relator

justify a departure from the rule. And though *mandamus* is never granted where another adequate remedy exists at law, the want of any such remedy by appeal or writ of error does not necessarily entitle the party aggrieved to this relief. *The People* v. *Judges*, 20 Wend. 658 ; *Queen* v. *Blanchard*, 13 Ad. & E. 318 ; 13 Pet. 404 ; 1 Denio, 679 ; *The State ex rel.* v. *Judge*, 1 Mo. App. 543 ; *The State ex rel.* v. *Cooper*, 64 Mo. 170 ; 50 Mo. 338 ; 27 Mo. 255.

With these principles, counsel for relator is familiar ; and we do not understand him as controverting them. They seem to us to be fatal to the application. If we correctly understand him, his contention is this : —

The Bill of Rights provides (sect. 26), " that no private property can be taken for private use * * * except," etc ; "And whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question ; and, as such, judicially determined, without regard to any legislative assertions that the use is public." And the Constitution further provides (Art. XII., sect. 4), that " the right of trial by jury shall be maintained inviolate in all claims for compensation, when in the exercise of the right of eminent domain any incorporated company shall be interested either for or against the exercise of said right." By the statute (Rev. Stats., sect. 892 *et seq.*), the railroad corporation on making the proper allegations may apply to the Circuit Court, or to the judge in vacation, for appointment of commissioners, or a jury to assess damages for the land it proposes to take ; and the court, or judge, on due notice being shown, shall appoint commissioners, upon the filing of whose report, the road may take the land, provided it makes deposit of the assessed damages.

But, counsel argues, if this is done before the question of the public use is judicially passed upon, the constitutional right to have this question determined as soon as an at

tempt is made to take private property for public use, is denied. Therefore *mandamus* ought to issue, in order that this right· specially guaranteed by the Constitution should not be denied or violated.

We do not see that this changes the question at all. The right to trial by jury is a constitutional right; but it does not follow that this court ought to entertain an application for *mandamus* directed to a judge who should refuse to empanel a jury in a case in which relator had a right to demand one.

We do not now examine whether the court committed error in refusing to permit this answer to be filed; whether the railroad could take this land before the report of commissioners had been reviewed by the court; whether the question of the public use would not be properly raised at a subsequent stage of these proceedings. As to the propriety or correctness of the action of the trial court, we express no opinion. The matter is not before us.

The action of the judge of the Circuit Court in refusing to admit this answer, was a judicial action, in a matter of which he had jurisdiction. It is subject to review, but not in this proceeding. Relators of plaintiff have a complete remedy, in a legal sense, if it is erroneous. We have not the power to review by *mandamus* judicial errors of any kind; and we are all clearly of opinion that the demurrer should be sustained and the peremptory writ denied.

The writ will be denied. All the judges concur.