STATE ex rel. JAMES SWEANEY, Appellant, v. O. H. GENTRY, Treasurer, etc., Respondent.

**Kansas City Court of Appeals, May 8, 1905.**

MANDAMUS: Judicial Questions: Ministerial Officers: Schools. Whether one school district has been disorganized and another organized absorbing the former, and whether there are such officers as school directors in a certain territory, are judicial questions and a ministerial officer, like a county treasurer, is not compelled to decide them and mandamus will not lie to compel him to act thereon.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*H. A. Kerr* for appellant.

(1) A county treasurer is a ministerial officer and has no discretion when warrants properly drawn are presented to him for payment. State ex rel. v. Adams, 161 Mo. 349. (2) The pretended board of the village of Dallas was never legally constituted; never had possession of the school property of district No. 4, township 48, range 33. No legal plat was ever recorded. R. S. 1899, secs. 8956, 8958, 9860. These sections must be read and construed together. No legal petition was ever presented at a meeting of the school board to change the district into a village district. A school district is a body corporate, and can be changed only in the manner provided by law. District v. Goodding, 120 Mo. 67; State ex rel. v. Henderson, 145 Mo. 336; District No. 1 v. District No. 4, 94 Mo. 612.

State ex rel. v. Gentry.

*John A. Sea* for respondent; *E. B. Gill* of counsel.

(1) Where litigation exists affecting the rights sought to be enforced the writ will be denied. State ex rel. v. Patterson, 11 Neb. 266. (2) This case is clearly within the rule of French v. Council, 85 Mich. 135 (48 N. W. 174) and of State ex rel. v. Buhler, 90 Mo. 560, since there are two school boards and each claiming to have the power to disburse said fund. People ex rel. v Johnson, 100 Ill. 537, is clearly in point. (3) The respondent here would be required to pass on doubtful facts and legal questions arising therein. In cases of doubtful facts, or where the legal result of the facts is in controversy, as here, the officer has a discretion. The rule is well expressed by MARSHALL, J. in State ex rel. v. McCann, 107 Wis. 348; 83 N. W. 647. (4) The payment of the warrants is not purely a ministerial act on the part of the treasurer. The treasurer must know that warrants were duly issued by order of the board. R. S. 1899, ch. 154, sec. 9849. This implies a discretion in the officer, an exercise of judgment and such discretion cannot be controlled by the court. State v. McCann, 107 Wis. 348.

BROADDUS, P. J.—This is a proceeding to obtain a mandamus commanding the respondent treasurer of Jackson county to pay two school warrants issued by John Sweaney, as clerk, and J. W. Gault, as president of an alleged school district, viz: district No. 4, township 48, range 33, Jackson county. The warrants are for $50 each, one dated October 30, 1903, and the other dated November 27, 1903.

Prior to May 29, 1903, said school district was duly organized as such and funds belonging to it came into the hands of the respondent as county treasurer, on which date there was an effort made to reorganize it under article 2, chapter 154, sections 9860 and 9861 Revised Statutes 1899, relating to city, town and village schools as, "The School District of the Village of Dallas;" and

a new board of directors were elected and organized, with James Lipscomb as president and E. H. Matney, secretary. On the 3rd of June, 1903, the respondent, as county treasurer, was notified of said change and reorganization, and was also notified by E. H. Matney, secretary of the new board, not to pay out any funds in his hands standing in the name of said district No. 4 unless on the order of the new board of directors. Said Matney was a member of the old board at the time of said alleged change and reorganization of the school district. The respondent was also notified by J. W. Gault and John W. Sweaney, claiming to act for the old board, not to pay any funds in his hands as aforesaid on any warrant issued by the new board of directors, nor to pay any of said funds to the new board of the village district.

In June, 1903, said John Gault, with one Johnson Young, instituted *quo warranto* against the members of the board of directors of the district of Dallas alleging that since the 29th day of May, 1903, and at that time the said respondents in said proceeding without any authority of law had been and were exercising and usurping the duties, powers and privileges belonging and appertaining to the offices of school directors of the school district of Dallas, when in fact there was no such school organization; that the relators therein were on the said 29th day of May, 1903, and still were the duly elected and qualified directors of what was known as school district No. 4, which was coextensive in territory with said alleged school district of Dallas. The object of the proceeding was to declare that there was no such officers as respondents therein of the Dallas school district and no such district. At the time the proceeding was begun said *quo warranto* was still pending in the circuit court of Jackson county, but prior to the time when this case was tried it had been determined by said court in favor of the respondents and appealed to the Supreme Court where it is now pending.

In September, 1903, school was opened in said territory over which the respective school directors claimed jurisdiction by consent of both boards. A warrant was issued for the first month's pay by the old board which the new board consented the respondent might pay, and he paid it accordingly. The two warrants in controversy were issued subsequently, as stated, and assigned to the relator. The matters detailed were set out in respondent's return to the writ, and were in evidence with other things which are not necessary for the purposes of this case to state. On hearing the court found for the respondent and relator appealed. The testimony at the trial was voluminous—the printed record containing 145 pages. Much of the evidence was directed to the question of the organization of the new or Dallas school district; or, in other words, had it been legally organized and were the new board of directors officers?

Those were questions of a judicial character which the respondent, as treasurer of Jackson county, was not required to decide as he was not a judge but only a ministerial officer. And a writ of mandamus will not lie to compel him to exercise a judicial function. The rule governing such cases is stated in High on Extraordinary Remedies, section 230, as follows: "That as to all matters of a judicial nature resting within the limits of judicial discretion, mandamus is not an applicable remedy, and the courts uniformly refuse to interfere by this species of relief, either to control or regulate in any manner the discretion of inferior courts as to matters properly presented to them in a judicial capacity." If a disposition of the matter involves the exercise of judicial discretion the writ will not lie. [State ex rel. v. St. Louis Circuit Court, 1 Mo. App. 543; State ex rel. v. Thayer, 10 Mo. App. 540; Gamble v. Gibson, 10 Mo. App. 329; Hurck v. Erskine, 45 Mo. 484; State ex rel. v. Oliver, 116 Mo. 188.] As a matter of course, the writ will not lie to compel a mere ministerial officer to perform a judicial act. There can be no question of doubt but what

the matter respondent is asked to determine requires the exercise of judicial discretion.

There are two rival bodies claiming to be the legal directors under two different organizations in the territory included in the school district. It is not a question as to which of the two constituted the board of directors of an admitted school district organization. On the contrary, the legal existence of both are denied. The old board of directors denying that the new organization was established by law, and the new board asserting that the old organization has gone out of existence by the establishment of the new. In other words, there is an issue as to whether the office of director exists in the new or the old board. Had it been only a question of the right to the office of school directors, the respondent had only a ministerial duty to perform. He would have been bound to recognize the incumbents in the office of school directors and he would have been compelled to pay warrants properly issued by them. He would not be permitted to contest the rights of the incumbents in office in this proceeding. That is a question that can only be reached by proceedings in *quo warranto*. The incumbent of an office, as a rule, is either an officer *de facto* or *de jure*. But if the office does not exist, there can be neither a *de facto* nor a *de jure* officer. It follows that a peremptory writ of mandamus will not lie to compel the defendant, a mere ministerial officer, to assume the exercise of judicial functions and determine the legal status of the respective boards of directors, and to say which of the two legally exists—a grave judicial question for the court having jurisdiction in such cases.

Our attention has been called by relator to minor errors alleged to have been committed by the trial court, but as he is not entitled to the writ on any ground, such errors, if they existed, would furnish no ground for a reversal of the cause. Affirmed. All concur.