BANK OF HUGHESVILLE, Respondent, v. GEORGE H. FRICKE, et al., Defendants; QUINCY A. MORGAN, Appellants.

In the Kansas City Court of Appeals, December 31, 1923.

1. FRAUD: Mortgages: Evidence Held Sufficient to Support Finding of Fraud against Payee Who Assigned Deed of Trust to Bank Representing It to be a First Mortgage Loan. In a suit upon two promissory notes to foreclose deed of trust and to postpone payment of another by assignee who charged fraud against payee as ground for decree that payee's lien be postponed and that plaintiff's be declared superior thereto evidence that notes and deed of trust securing same were drawn in office of payee and prepared by him, and that he had at the time in his possession, the abstract of title to the land showing that the same was subject to a prior deed of trust, that he endorsed the note before maturity, blank as to endorsee and delivered it to one who later delivered it to plaintiff, bank, in part

Bank of Hughesville v. Fricke and Morgan.

payment of his indebtedness to bank, representing it to be a first mortgage real estate loan, *held* sufficient to support charge of fraud against payee.

2. ————: To be Actionable, Fraud Must Concur with Damages. Fraud to be actionable must be alleged and damages must be alleged and proved.

3. ————: Pleading: Where Two Grounds Alleged in Petition for Postponement of Payment Fraud Charged Therein Held not to be Gravamen of Cause of Action, and Bank Could Seek Postponement on Either Ground. Where bank, as assignee, sought to postpone payment of payee's note, allegations in petition that payee fraudulently assigned a deed of trust to the bank as a first mortgage when a prior mortgage existed and also that for value received he assigned all of his interest in and rights under the mortgage or deed of trust securing the same, *held* that fraud was not the gravamen of the action and there being two grounds alleged, the bank could seek postponement upon either allegation.

4. MORTGAGES: Assignments: Endorsement Without Recourse of Note Secured by Deed of Trust Held to Carry with it All of Assignor's Interest in Mortgage. An endorsement of a note "without recourse," "together with all interest and rights under the mortgage or deed of trust securing same," carried with it all of assignor's interest in the mortgage.

5. BILLS AND NOTES: Endorsement: Estoppel: Meaning of Endorsement Without Recourse Stated. The endorsement "without recourse" simply means that the endorsee would be estopped from claiming payment of the indebtedness from the endorser.

Appeal from Circuit Court of Osage County.—*Hon. R. A. Breuer,* Judge.

AFFIRMED.

*Jones & Jones* for respondent.

*Lamm & Lamm* and *Louis Hoffman* for appellant.

ARNOLD, J.—This is a suit on a promissory note for $4500 to foreclose deed of trust securing the same, and two other notes of $5000 each, and to postpone the payment of one of the $5000 notes held by defendant

Quincy A. Morgan, the *cestui que trust* named in said deed of trust, until the $4500 note held by plaintiff was duly satisfied.

On or about the 15th day of February, 1922, defendants George H. Fricke and Caroline Fricke, husband and wife, executed their promissory notes, all of the same date and all maturing March 1, 1925. The note involved in the sum of $5000 each, making a total of $14,500. All part of the same series, two other notes were executed in the sum of $500 each, making a total of $14,500. All of said notes, together with the interest thereon, were secured by a deed of trust on 404 acres of land in Osage County, Missouri, in which Quincy A. Morgan was named *cestui que trust*, and one W. W. Russell, trustee. The note of $4500 reads as follows:

"On the first day of March, Nineteen Hundred and Twenty-Five for value received we promise to pay to Quincy A. Morgan or order the sum of Four Thousand Five Hundred Dollars with interest thereon at the rate of seven per cent per annum from date until maturity, said interest being payable semi-annually on the first day of March of each year, on the presentation and delivery of the proper interest coupon hereto annexed and of even date herewith. Both principle and interest payable at the office of Quincy A. Morgan, Sedalia, Mo. This note and the interest coupons are to bear interest at the rate of eight per cent per annum after maturity.

"This note is secured by a mortgage or deed of trust of even date herewith, on real estate in Osage County, recorded in the Recorder's Office of said County, which is a first lien on the property herein described.

"Dated at Sedalia, Mo., February 15, 1922.

"(Signed)    GEORGE H. FRICKE,
"CAROLINE FRICKE.

"Amount of Loan
"$14,500.00
"90 cents Rev. Stamps
"cancelled."

On the back of said note appears the following endorsement:

"For value received —— hereby assigns and transfers this note to Bank of Hughesville or order, without recourse, together with all interest in, and rights under the mortgage or deed of trust securing the same.

"(Signed) QUINCY A. MORGAN."

The note thus endorsed was delivered by Morgan to W. N. Bennett who delivered it to plaintiff herein, and plaintiff's name afterwards was stamped in the blank endorsement as payee. One of the $5000 notes was retained by Morgan and the other passed into the hands of the American Exchange Bank of Sedalia. Default was made in the payment of the first of the interest coupon notes (of which there were three) attached to the $4500 note, and under the terms of the deed of trust plaintiff declared the note due and payable. Suit was instituted to foreclose, naming George H. Fricke, Caroline Fricke, Quincy A. Morgan, the American Exchange Bank, W. N. Bennett and Homer Mitchem, tenant of the land, as defendants. The action to foreclose was begun and tried in the circuit court of Osage County and resulted in a judgment for plaintiff against the Frickes, and a decree of foreclosure, ordering the sale of the land, and directing that the proceeds thereof be first applied to the payment of the $4500 note and interest, and to the $5000 note held by the American Exchange Bank of Sedalia, with interest thereon, and that these notes and interest should be paid in full before any of the proceeds of said sale should be applied to the payment of the $5000 note held by defendant Morgan, all as prayed in the petition.

While the notes and deed of trust referred to purported to be a first deed of trust upon said land, the record shows there was a prior deed of trust against the land in the sum of $1500, and it is upon this circumstance that the petition charges fraud against defendant Morgan. The answer is a general denial, with a specific plea

that defendant Morgan had no knowledge of the existence of the prior mortgage of $1500.

The material facts in the case are undisputed, but the law and its application to the facts furnish the ground for this controversy. The only defendant appealing is Morgan and his appeal is directed solely to that part of the decree which postpones the payment of the $5000 note held by him, with interest thereon, until payment in full shall have been made of the notes held by plaintiff and the American Exchange Bank of Sedalia. This is the only question involved in this appeal.

First, it is urged that the decree, in the respect mentioned is unduly harsh because (1) plaintiff has neither proved fraud nor damages on account of fraud or breach of warranty; and (2) plaintiff's note having been assigned by appellant without recourse, the doctrine of priority on account of assignment does not apply. That the decree on this account is against the evidence, the law and the equities in the case.

In support of the first of these charges, it is urged that the gravamen of the action is actual fraud. The petition charges that defendant Morgan knew, at the time he drew said note and at the time of its endorsement and delivery to Bennett, that it was not, as it purports to be, a first lien on the land in question; that said representation was false and fraudulent and operated as a fraud upon plaintiff who relied upon said statements as being true; and that had plaintiff known of the existence of a prior deed of trust, it would not have purchased said note; that said Morgan "set in motion and participated in said fraud, which resulted in plaintiff acquiring said note, and that the said Morgan and the said defendant Bennett perpetrated said fraud on plaintiff." The petition further alleges that "by reason of the fraud aforesaid, the note of said Quincy A. Morgan for $5000 should, and of right ought to be postponed in its security by said deed of trust and payment out of the proceeds of the sale of its land described in said deed

of trust as aforesaid, until plaintiff's said note and all interest thereon is paid. . . ."

Appellant points out that the petition does not state that plaintiff was damaged in the transaction and that a recovery may not be had as a result of the alleged fraudulent representations, unless damage is shown.

It appears that W. N. Bennett was indebted to plaintiff bank in large sums of money, that he was unable to pay, and that the note in question was accepted in payment of part of said indebtedness. Appellant attempted to prove by the cashier of plaintiff bank, on cross-examination, that the note in question was of greater value than the indebtedness of Bennett to the bank which was released by the note, and therefore that plaintiff was not damaged in the transaction. The testimony of said witness fails to support appellant's contention in this respect. Further, the evidence shows that the series of notes and the deed of trust were drawn in the office of defendant Morgan; that they were prepared by him and that he had in his possession at the time the abstract of title to the land which showed the prior deed of trust for $1500; that he endorsed the note before maturity, blank as to endorsee, and delivered the same to Bennett who later delivered it to plaintiff bank, as above stated. There is undisputed evidence that the note was traded by Bennett to plaintiff as a first mortgage real estate loan. In the light of this testimony, we cannot say that the charge of fraud was not proved.

It is further urged by appellant that to be actionable, fraud must concur with damages, and in support of this proposition, our attention is called to the case of Stacey v. Robinson, 184 Mo. App. 54, 168 S. W. 261, wherein it is held, in effect, that fraud to be actionable must be alleged and damages must be alleged and proved. That was in an action to recover upon a direct allegation of fraud and the court held as above, which is the general rule. But that is not this case. Here the suit primarily was on a note and foreclosure under a deed of trust was sought to satisfy the judgment on the note

which was secured against the Frickes. The petition, in addition to charging fraud and deceit, alleges that appellant, for value received, assigned without recourse his interest in said note "together with all his interest in and all rights under the mortgage or deed of trust securing the same." While fraud is charged, the petition also charges that appellant assigned to plaintiff all his rights under the deed of trust. It is clear, therefore, that fraud is not the gravamen of the action and not the sole reason alleged for the postponement of payment of appellant's $5000 note. Therefore it must be adjudged that there are two grounds alleged in the petition upon either of which plaintiff may seek such postponement. If it is determined that the endorsement of the note without recourse in fact divested appellant of all his rights under the deed of trust, the fact that fraud was alleged, though not proved, is not controlling. We hold that the assignment of the note by appellant, worded as it was, carried with it all of appellant's interest in the mortgage.

Appellant argues the case from various other angles, but we find no merit in any of the arguments set forth. One of these is that because the note was endorsed without recourse, impliedly appellant did not divest himself of his rights under the deed of trust. The assignment "of all interest in and rights under the mortgage, or deed of trust securing the same," certainly conveys to the assignee the title in the deed of trust. Of course the endorsement "without recourse" simply means that the indorsee would be estopped from claiming payment of the indebtedness from the indorser. The rulings of the appellate courts of this State, as well as those of other jurisdictions, are in accord on this point. [Hurck et al. v. Erskine, 45 Mo. 486; 3 Pomeroy's Equity Juris. (4 Ed.), sec. 1203.] As there is no conflict in the decisions, further citations would seem unnecessary.

Under the law and the evidence in this case, we hold the decree of the trial court should be affirmed. It is so ordered. All concur.