STATE ex rel. CAINSVILLE REORGANIZ-
ED SCHOOL DISTRICT NO. I OF HAR-
RISON COUNTY, Relator, Respondent,

v.

Rudolph TOMES, Respondent, Appellant,

Reorganized School District R–5 of Mercer
County (Respondent-Intervenor),
Appellant.

No. 22527.

Kansas City Court of Appeals.

Missouri.

Feb. 4, 1957.

Roscoe E. Moulthrop, Bethany, for relator Cainsville Reorganized School Dist. Mo. 1. of Harrison County.

J. Morgan Donelson, A. B. Walker, Princeton, for respondents.

BROADDUS, Judge.

This is a proceeding in mandamus. The case originated with the filing by relator, Cainsville Reorganized School District No. 1 of Harrison County, on March 11, 1955, of a petition asking for an alternative writ of mandamus against Rudolph Tomes, trus-tee of Harrison Township in Mercer County and Treasurer of the Cain Common School District of Mercer County. An alternative writ issued directed to respondent Tomes. Later an amended alternative writ directed to him was issued.

On February 2, 1956, respondent Tomes filed his amended return to the amended alternative writ of mandamus, and also, at that time, filed a motion for an order making the Reorganized School District R-5 of Mercer County, a party to said cause; and at the same time the Reorganized School District R-5 of Mercer County filed a motion to be made a party to the suit. The Reorganized School District R-5 of Mercer County was made a party and filed a further return on behalf of said District.

On the 13th day of February, 1956, respondents renewed their motion for judgment on the pleadings which was overruled by the court.

The amended writ was issued for the purpose of compelling the respondent Tomes, in his capacity as trustee of Harrison Township, in Mercer County, to pay over certain money that he held and which had belonged to the Cain Common School District No. 48 of Mercer County, to the relator on the ground that the old Cain Common School District No. 48 of Mercer County had annexed by process of law to the relator district.

During the year 1954 the Cain School District No. 48 of Mercer County, was a common school district, with a Board of Directors consisting of Victor Butler, Leonard Booth and Charles E. Graham, the wife of Board member Victor Butler, Ione Butler, being the Clerk of the Board.

Within a few days, "two or three days" after the 21st day of September, 1954, Charles E. Graham, a member of the Board of Directors of the old Cain School District circulated a petition which prayed for a special election to determine whether the Cain Common School District would annex

to the Cainsville Reorganized School District. This petition was filed with the Cain School District Board of Directors on the 15th day of January, 1955. On the 4th day of February, 1955, the Board of Directors of the Cain School District directed that notices be posted calling a special school meeting to be held in said district on the 21st day of February, 1955, for the following purpose: "To vote on annexation of the Cain School District No. 48, Mercer County, State of Missouri, and Harrison Township, to the Cainsville Reorganized School District No. 1 of Harrison County, State of Missouri." The special school meeting was held pursuant to the notice on the 21st day of February, 1955, and a majority of the votes cast favored annexation to the Cainsville School District, seventeen votes having been cast favoring the annexation proposed and two votes having been cast against the annexation.

During this period of time a petition was initiated with the Superintendent of Schools of Mercer County, being filed with the County Superintendent of Schools on the 31st day of January, 1955, proposing to consolidate forty-two common school districts in Mercer County with the Princeton School District R-5 of Mercer County, and on the 31st day of January, 1955, the County Superintendent of Schools made an investigation and survey of the proposed Consolidated School District, determined the boundary lines of the proposed consolidated district and, among other areas included the territory comprising the Cain Common School and, as the members of the Cain Common School District had held the special meeting aforesaid on the 21st day of February, 1955, and voted to annex the Cainsville School District, the County Superintendent of Schools of Mercer County, notified the respondent, Tomes, not to pay over any of the money of the Cain Common School District to the Cainsville Reorganized School, but demanded that respondent, Tomes, pay over such funds to the Princeton District.

Claim was made upon Tomes in his capacity as Treasurer of the Cain Common School District to pay over to the Cainsville School District the funds on hand in his possession and belonging to the old Cain School District, but the respondent, Tomes, failed to pay over said funds, which were established by the trial court to be in the sum of $2,387.42.

Following a trial of the issues the court rendered judgment for the relator, Cainsville Reorganized School District, R-1 of Harrison County, and issued a peremptory writ of mandamus requiring the respondent Tomes to pay over the above sum to the relator. Tomes and intervenor appealed.

The first contention is that: "The court erred in overruling respondent's motion for judgment on the pleadings because respondent, Tomes, is a mere ministerial officer and cannot be compelled to decide whether relator or respondent intervenor school district is entitled to the money he holds." In other words, relator is not entitled to the remedy of mandamus.

It is conceded by all parties that Cain Common School District No. 48 instituted its proceeding to annex to relator, Cainsville Reorganized School District 1, under Section 165.300 V.A.M.S., which reads as follows:

"1. Whenever an entire school district, or a part of a district, whether in either case it be a common school district, or a city, town or consolidated school district, which adjoins any city, town, consolidated or village school district, including districts in cities of seventy-five thousand to five hundred thousand inhabitants, desires to be attached thereto for school purposes, upon the reception of a petition setting forth such fact and signed by ten qualified voters of such district, the board of directors thereof shall order a special meeting or special election for said purpose by giving notice as required by section 165.200; provided, however, that after the holding of any

such special election, no other such special election shall be called within a period of two years thereafter.

"2. Should a majority of the votes cast favor such annexation, the secretary shall certify the fact, with a copy of the record, to the board of said district and to the board of said city, town or village school district; whereupon the board of such city, town or village district shall meet to consider the advisability of receiving such territory, and should a majority of all the members of said board favor such annexation, the boundary lines of such city or town school district shall from that date be changed so as to include said territory, and said board shall immediately notify the clerk of said district which has been annexed, in whole or in part, of its action.

"3. In case an entire district is thus annexed, all property and money on hand thereto belonging shall immediately pass into the possession of the board of said city or town school district; * * *."

It stands admitted that respondent, Tomes, was the trustee of Harrison Township in Mercer County, and as such, was the Ex-officio Treasurer of the Cain School District, and had custody of the funds belonging to it.

The testimony of relator shows that about September 21, 1954, Mr. Graham, a member of the Board of the Cain School District, circulated the petition which prayed for an election to decide whether the Cain District would annex to relator district. Mr. Graham testified that he obtained all the signatures to the petition; that he was "two or three days getting these signers"; that he then "turned it (the petition) over to the Clerk", Mr. Butler. Mr. Graham further testified that the petition was filed with the Board on January 15, 1955. The original petition bearing the signatures of more than ten qualified voters of the Cain District was

offered in evidence by relator. On it appear these words: "September 21, 1954, 9:00 p. m. meeting held to initiate petition", and then at the bottom of the petition following the signatures are the words "petition present January 15, 1955."

It is further conclusively established by the evidence that on February 4, 1955, the Board of Directors of the Cain District met and ordered a special election and directed that notices of said election be posted by the clerk as required by Section 165.200, V.A.M.S. The notices, in proper form, were posted in five public places. The evidence is also undisputed that the election was held on February 21, 1955, and that there were seventeen ballots cast in favor of the proposed annexation and only two against it. It further conclusively appears that relator district called a meeting of its Board of Directors on February 22, 1955, to consider the advisability of receiving the Cain District and unanimously voted to annex it to the relator district.

In the case of State, at Inf. of Taylor v. Hill, Mo., 262 S.W.2d 581, 582, our Supreme Court said: "The law is well settled that when separate authorities have concurrent jurisdiction over the same subject matter, the one in which proceedings were first commenced has exclusive jurisdiction to the end of the controversy." (Citing cases.) And it has also been held by the same court that the filing of the petition calling for an election is the first jurisdictional act or step. State ex rel. Fry v. Lee, 314 Mo. 486, 284 S.W. 129. As stated, the petition was filed with the Cain District Board on January 15, 1955. On the other hand, the petition for reorganization of the Princeton School District was not filed until January 31, 1955.

In determining whether or not relator is entitled to the relief sought it also must be borne in mind that respondent Tomes cannot question the legal existence of relator. That must be done, if at all, by quo warranto. Lane v. Finney, Mo. App., 274 S.W.2d 521. At page 523 of 274 S.W.2d of that opinion this court says:

"The rule is unanimous that where a public body has, under color of authority, assumed to exercise the power of a public corporation of a kind recognized by law, the validity of its organization can only be challenged by the State. The same rule applies where such public corporation extends its authority, under color of law, over *additional territory.*"

The case of State ex rel. Fry v. Lee, supra, certainly recognizes that mandamus is a proper remedy where jurisdictional matters are in dispute. The court in that case applied that remedy to a state of facts somewhat similar to those involved in the instant case.

In the case of State ex rel. Folkers v. Welsch, 235 Mo.App. 15, 124 S.W.2d 636, loc. cit. 639, it is said:

"While mandamus will not lie to correct or control the judgment or discretion of a public officer in matters committed to his care in the ordinary discharge of his official duties, it is nevertheless well established that mandamus will lie to compel the performance of mere ministerial acts or duties imposed by law upon a public officer to do a particular act or thing *upon the existence of certain facts or conditions being shown [to exist], even though the officer is required to exercise judgment before acting.*"

Respondent Tomes places heavy reliance upon the case of State ex rel. Sweaney v. Gentry, 112 Mo.App. 589, 87 S.W. 68, 69. On its facts that case is readily distinguishable from the instant case. That case does state: "Had it been only a question of the right to the office of school directors, the respondent had only a ministerial duty to perform." This language indicates that mandamus will lie unless the very *existence* of a body is questioned. And, as pointed out above, respondent could not challenge the existence of relator.

■ At the time demand was made upon respondent Tomes to turn over the money of the old Cain District the entire statutory procedure for annexation to the relator district had been completed. It then became respondent's duty to pay over the money in his hands which had belonged to the old Cain District. This is in accord with paragraph 3 of Section 165.300 which provides that the money on hand belonging to such former district *"shall* immediately pass into the possession of the board of said city or town school district." In our opinion the learned trial court did not err in holding that the remedy of mandamus was available to relator.

■ It is also contended that relator's evidence does not disclose that the old Cain District *adjoined* the relator district. Paragraph 1 of Section 165.300, which we have set out, provides that a common school district which *"adjoins* any city, town, consolidated or village school district", may petition for a special election for the purpose of voting on the proposition to annex to the adjoining district. While Mr. Graham was on the stand he was asked: "Does the district (old Cain) run over to the line? A. Yes, sir. Q. It runs over to the west Mercer County line? A. Right to the line. Q. Is Cainsville right over the Harrison County line to the west of you? A. The Mercer County line joins the city limits of Cainsville, that puts it up to the boundary line of Cainsville." In addition to this, a very excellent plat of Harrison County was offered in evidence in which the relator district is shown in green. This plat shows the old Cain District in yellow and adjoining the relator district. The contention is without merit.

■ The final contention is that "relator is estopped because of the actions of the Cain School Board in holding a petition to annex in bad faith for the avowed purpose of preventing a consolidation or reorganization of Mercer County Schools to claim Cain School District by annexation."

Whether or not the board of directors of the old Cain District acted within a rea-

sonable time after the petition was circulated in late September, 1954, is answered by the decision in the case of State, at Inf. of Taylor ex rel. Schwerdt v. Reorganized School District R-3 Warren County, Mo.App., 257 S.W.2d 262, loc. cit. 268, where the court said:

"It is the policy of the courts to apply the doctrine of equitable estoppel to municipal corporations with great caution. * * * Under § 165.300, subd. 2, supra, the board of directors exercises a governmental function in deciding in favor of annexation, and ordinarily the doctrine of equitable estoppel cannot be invoked against a municipal or public corporation as to the exercise of governmental functions. * * * Since § 165.300, subd. 2, supra, *fixes no particular time within which the board must act, a reasonable length of time is allowed.* Until a reasonable length of time expired the board of directors had the absolute right to accept or reject jurisdiction over the territory, and no estoppel could be asserted on account of the failure of the board to act prior to the expiration of a reasonable length of time. * * *

"Appellants assert that the board delayed its action too long. We cannot say as a matter of law that the length of time between the notification and the acceptance was unreasonable. The board was notified some time between February 26 and 29. The board accepted jurisdiction over the area on May 14. There were good reasons for delaying the acceptance until the end of the school term."

As to the motives of the petitioners residing in the old Cain District the law is that "motives of petitioners for a change of school district boundaries are not subject to impeachment by courts, if their procedure was in accordance with law." Ward v. Consolidated School District No.

136 of Nodaway County, 225 Mo.App. 1139, 16 S.W.2d 598.

It is apparent from the transcript and exhibits that the Cain Common School District No. 48 is a small district adjoining the City of Cainsville and the relator, Cainsville Reorganized School District of Harrison County, and every person residing in the Cain District is within a very short distance of the school in the Cainsville Reorganized School District. These people proceeded according to law and held their election. Seventeen of them voted in favor of annexing to the Cainsville School District and only two voted against the annexation. Thus the people of the old Cain District overwhelmingly asserted their desire to annex to the relator district rather than have their children hauled to Princeton—a distance of twelve or fourteen miles. No valid reason has been presented which would justify our thwarting the expressed desire of these people.

The judgment is affirmed.

MAUGHMER, Special Judge, and CAVE, J., concur.