THE STATE OF MISSOURI ex rel. SCHOOL DISTRICT No. 2, TOWNSHIP 44, RANGE 14, Appellant, v. LLOYD GIBSON, School Commissioner, Respondent.

**Kansas City Court of Appeals, January 16, 1899.**

1. **Schools: CHANGE OF BOUNDARIES: JURISDICTION: COMMISSIONER'S DECISION.** If proceedings for the change of boundary lines or the formation of new districts are such as to give jurisdiction to the school commissioner, then the statute makes his decision final and conclusive, provided it is within the propositions submitted to the voters of the several districts.

2. ———: ———: DESCRIPTION. In regard to the description in petitions and notices for the change of boundary lines, the important thing is to inform the voter how his district is to be affected and what particular territory his district may lose or gain.

*Appeal from the Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

MOORE & WILLIAMS for appellant.

(1)   We may concede that the petitions and notices for a change of boundary lines are regular and sufficient in every way to authorize a vote thereon at the regular annual school meeting, held in April, 1898, except as to the entire failure of said petitions, notices, etc., to give the boundaries of the district as changed, and the boundaries of the new districts, as they would be in case the propositions carried by the vote of the districts and parts of districts.   The supreme court holds this to be necessary.   School District v. School District, 94 Mo. 612-618.   Should the court hold that the petition and notices referred to were sufficient to authorize a vote upon the said proposition for a change of boundary lines and the formation of two new districts, the next question to consider is, did the commissioner in making his decision have sufficient evidence before him to act as an appellate tribunal, and can his decision be sustained by the record he presents as the basis of his action?   No records or copy of the records of the respective districts were produced in evidence to show what the vote was in the respective districts. If it be contended that the statement of the directors of district number 6 as to the vote of that district is given in their written appeal, the answer is that the record is the best and proper evidence.   There is absolutely no evidence of the result of the vote on the proposition in district number 2, township 44, range 14.   Properly, the appeal should have been accompanied by copies of such record.   Failing to do this, they should have been produced before the commissioner, as an appellate tribunal to show officially the result of the vote, as a basis for his action. School districts are bodies corporate, and as such their official action can only be known by their records.   This includes all the proceedings of the annual meeting.   R. S. 1889, secs. 7969, 7979, 8012; State ex rel. v. Lockett, 54

Mo. App. 202, 208; Kane v. School District, 48 Mo. App. 408.

S. C. GILL and JAMES E. HAZELL for respondents.

(1)   It seems to us that the only question upon the merits is, did the notices posted describe the territory asked to be detached from district number 2 and attached to district number 6, and the territory out of which a new district was desired to be known as school district number 1, township 44, range 14, with sufficient accuracy to give the voters a clear knowledge of what they were voting for or against. If they did, then the commissioner's decision is right.   Mason v. Kennedy, 89 Mo. 23, 30.   "The proposition posted by the directors through their clerk is the warrant of authority for the vote at the annual meeting, and not the preliminary request of the ten voters to submit the matter to a vote."   State ex rel. v. Young, 84 Mo. 94; R. S. 1889, sec. 7972.   The commissioner has no authority to summon witnesses, nor to compel the production of the records of school districts to ascertain their acts, nor to procure copies of petitions, notices or record of votes and the statute only says he must inform himself of the necessity of the proposed change, and that his decision shall be final.   In his return to the writ he shows copies of the notices, that a vote was had on each proposition, that each school district had left the required wealth, that each district had the necessary number of children.   That his action was to conserve the best educational interest of the several school districts.

GILL, J.—In this case a writ of *certiorari* was sued out of the lower court, the purpose of which was to quash certain proceedings had before the respondent, as county school commissioner, whereby the relator's district was dismembered by cutting off a portion of its territory and adding it

STATEMENT.

to another adjacent district and dividing the remainder into two districts. In the return the respondent set out in detail the proceedings as they originated in the different school districts, and as they were conducted before him; and thereupon relator filed its motion to quash the return and proceedings, because not conducted according to law and because they showed that respondent never acquired jurisdiction of the matters in which he assumed to act.

At the trial below the circuit court overruled the motion to quash, and from a judgment in respondent's favor relator has appealed.

From a map accompanying the briefs, it seems that relator's district (No. 2) had within its boundaries about twelve square miles of territory. Just before the annual school meeting in April of this (1898) year movements were inaugurated, first to reduce this territory by detaching a strip half a mile wide from its north side and attaching same to the adjacent district number 6, and then further to divide the remainder into two separate districts by a line running east and west.

To accomplish this the statute makes it "the duty of the district clerk of each district affected, upon the reception of a petition desiring such change, and signed by ten qualified voters residing in any district affected thereby, to post a notice of such desired change in at least five public places in each district interested, fifteen days prior to the time of the annual meeting; and the voters when assembled shall decide such question by a majority vote of those who vote upon such proposition. If the assent to such change be given by all the annual meetings of the various districts thus voting, or of the part of the district to be divided, each part voting separately, the district or districts shall be deemed formed, or the boundary lines thus changed from that date; but if a part of the district to be divided, or one

or more of the districts affected, vote in favor of such change, and the remaining part of the district to be divided, or one or more of the districts affected, vote against such change, the matter may be referred to the county commissioner for his decision; and upon such appeal being filed with him in writing, within five days after the annual meeting, he shall proceed to inform himself as to the necessity of such proposed change, and his decision shall be final; but in making such change, his decision in all cases shall conform to the proposition contained in the notices and voted upon at the annual meeting." It is then made the duty of the commissioner on or before the last day of April to transmit his decision to the clerks of the districts affected, whose duties are to record the same.    See R. S. 1889, sec. 7972, as amended; Laws 1895, p. 267.

The controlling question is, was the foregoing statute complied with? If so, and the respondent, county commissioner, made his decision thereon, then such decision is final.

SCHOOLS: change of boundaries: jurisdiction: commissioner's decision.

In other words, if such proceedings were had as gave jurisdiction to the school commissioner, in this matter of dividing said school district, then the statute makes his decision final and conclusive, provided however that the division thus made by the commissioner shall conform to the propositions submitted to the voters of such districts.

We have carefully examined the return with attached papers and find that the law has been substantially complied with.    The matters submitted embraced two propositions— one to detach a strip off the north side of district 2 and attach same to district 6, and the other proposition was to divide the remainder of district 2 so as to create another district called district 1.    Complying with the statute it appears that two petitions of qualified voters were presented to the clerks and that they posted notices definitely and correctly setting out the proposed changes, and warning voters

State ex rel. v. Gibson.

that such propositions would be submitted at the approach-
ing school elections. These were posted at the places and
for the length of time required by the statute. At said
elections no two districts, or parts thereof affected, con-
curred by a majority vote in favor of such changes. There-
upon in due season the two propositions were "referred to
the county commissioner for his decision." He then pro-
ceeded "to inform himself as to the necessity of the pro-
posed changes;" and within the period fixed by the statute,
decided in favor of the changes proposed and transmitted
his judgment thereon to the respective district clerks.

Relator's counsel object to the sufficiency of the de-
scription of that part of district 2 to be detached and an-
nexed to district 6, as well as the description of that part
of district 2 cut off the south side thereof and
formed into another and new district. There
is no merit in these objections. The petitions
submitted to the clerks, as well as the notices
posted by said clerks, give clear and ample information as to
the changes to be voted on. These new lines are definitely
described according to sections, township and range, and
appears so plain that the voter could not be in doubt. As
said in Mason v. Kennedy, 89 Mo. 23, "the important thing
for the voter in each district to know was, how his district
was to be affected by the creation of the new district (or by
change of boundary) and what particular territory his dis-
trict would lose in the creation of the new one (or by chang-
ing said boundary line). Of all this the notices and peti-
tions fully informed the voter, and this was sufficient.

As to whether or not the school commissioner had
"sufficient evidence before him" to justify his action in
changing the boundary line between districts numbered 2
and 6 we have nothing to do in this proceeding. The stat-
ute contemplates a mere informal investigation by the com-
missioner as to the propriety of the changes. Having

—: description.

acquired jurisdiction of the matter, he is directed to "proceed to inform himself as to the necessity of such proposed change, and his decision shall be final." The record here shows that a dispute, or difference of opinion, had arisen between the different districts, or parts thereof affected by the proposed changes; that these matters were referred to the respondent as county commissioner; that he proceeded to and did investigate and decide; and his decision therefore must be treated as a finality. Said decision too was clearly confined to the identical propositions submitted to the voters of the respective districts.

The judgment of the lower court was manifestly for the right party and will be affirmed. All concur.