# SCHOOL DISTRICT NUMBER FOUR, Etc., Plaintiff in Error, v. P. R. SMITH, Etc., Defendant in Error.

**St. Louis Court of Appeals, November 5, 1901.**

1. **School District:** NOTICE OF CHANGE OF BOUNDARY: REQUISITES OF: STATUTORY CONSTRUCTION. Notice of an election to change the boundary of a school district, under the provisions of section 9742, Revised Statutes 1899, must be as comprehensive as the petition for the change. It must inform the voters what change it is proposed to make in the boundaries of the district affected.

2. ———: ———: COUNTY SCHOOL COMMISSIONER, JURISDICTION OF: BOARD OF ARBITRATORS. Under the provisions of section 9742, Revised Statutes 1899, a valid election in each of the two districts is a necessary prerequisite to give the county school commissioner jurisdiction to proceed to form his board of arbitrators to consider and determine the necessity of the proposed change.

3. **Injunction:** QUO WARRANTO. Where it is desired to attack the legality of the organization of a school district, quo warranto, not injunction, is the appropriate remedy.

4. **Injunction:** COUNTY CLERK: SCHOOL DISTRICT: PARTIES TO ACTION: DEMURRER. Where an action is brought against a county clerk to restrain him from changing the boundary line of a school district, and from transferring the school tax of any taxpayer from one school district to another, and from changing the enumeration of children of school age in any district, upon the ground that the proceedings upon which his actions are based are null and void, a final injunction would not be granted until the school district directly interested is made a party.

Appeal from Newton Circuit Court.—*Hon. Henry C. Pepper*, Judge.

### STATEMENT OF THE CASE.

Omitting caption the petition is as follows:

"That the plaintiff is a duly and legally organized and existing school district under the laws of the State of Missouri.

"That the defendant, P. R. Smith, is the legally elected, qualified and acting county clerk of Newton county, Missouri.

"That at the annual school meeting held on the first Tuesday in April, 1901, as provided by law, an attempt was made to detach a part of the territory belonging to, and forming part of, said plaintiff district No. 4, township 24, range 30, and attaching the same to and make it a part of district No. 8, township 24, range 30, Newton county, Missouri; that a notice of such a change of boundary of the districts would be voted upon at said annual election must be given, signed and posted by the clerk of each district affected thereby, describing the territory to be detached from one district and attached to the other. Such notice must be posted, in at least five public places in each district, fifteen days before the annual election at which the proposition was to be voted upon, as required by section 9742, statutes of Missouri, 1899.

"That no notice signed by the clerk of district No. 4, township 24, range 30 (this plaintiff), embodying this proposition, was ever posted in said district No. 4. That a pretended notice was posted in district No. 4, signed by a citizen of and a member of the school board of said district No. 4, assuming to act as clerk and signing said notices as such; that said notice, among other things, recites: 'First, to detach from this district all of the north half of S. E. No. 33, Twp. 24, R. No. 30, for the purpose of attaching the same to Stella school district.' That on this proposition the voters of said district No. 4, voted against the proposition, 18 votes; for the proposition, 7 votes; that the clerk of district No. 8, township 24, range 30, Newton

county, Missouri, the other district affected by this change of boundary posted notices in said district No. 8, as required by section 9742, Comp. Laws of Missouri, 1899, which said notices contained, among other things: 'To decide in favor of or against the following change in the district boundary line: That the north half of section No. 33, township No. 24, range 30, be detached from district No. 4, township No. 24, range 30, and be attached to the above described district.'

"On this proposition the voters of said district (No. 8) voted, by a large majority, in favor of the proposition. The board of directors of said district No. 8, appealed the matter to the Hon. M. R. Floyd, county school commissioner of Newton county, who selected a board of arbitrators and set Saturday, April 6, 1901, for the hearing of said matter, at Granby, Missouri, at which time and place said parties and their representatives appeared and upon the case being presented to the honorable commissioner, found that he was without jurisdiction in the matter and dismissed the appeal. Afterwards, to-wit, on Tuesday, April 9, 1901, at Granby, in the county of Newton, and State of Missouri the said Hon. M. R. Floyd, assumed to and did appoint a board of arbitrators, and did assume to and did again pretend to hear and determine said matter, and did then and there determine in favor of said change of boundary, and did assume to and did change the boundary of said district No. 4, by detaching the north half of section 33, township 24, range 30, and attaching the same to district No. 8. That the proposition voted for in each of said districts (No. 4 and No. 8) was a different proposition. That the commissioner has authority only to pass upon the proposition voted upon by all the districts affected thereby. That the districts affected by this change of boundary not having voted on the same proposition, there was no matter before the honorable commissioner for his consideration, and his assuming to and

acting in the matter was without warrant of law, illegal and void. That no notice of an election to be held in district No. 4 to vote on this proposition having been given as required by law, the honorable commissioner had no jurisdiction in the matter, and his assuming to act and acting in the premises is without warrant of law, illegal and void. That at the time for posting the notices for the annual school election, to be held on the first Tuesday in April, 1901, in district No. 4, township 24, range 30, Newton county, Missouri, the clerk of said district No. 4 was absent from the district, and the board of directors of said district No. 4, failed and neglected to appoint a clerk to serve in the absence of the clerk of the board.

"That there is not in the county of Newton and State of Missouri, a duly and legally organized and existing school district known and designated as Stella school district, nor was there such a school district on the second day of April, 1901, nor had there been for some time prior thereto.

"That the defendant threatens and is about to recognize the act of the organization of said district No. 8, and is threatening to and is about to recognize the acts aforesaid of said commissioner and of said district No. 8 in changing the boundary lines of said plaintiff district and taking therefrom the territory hereinbefore described out of the plaintiff district and attaching it to the said district No. 8, on the books and records in his office, and extending the school taxes of said district No. 8, according to the estimates against the taxable property therein so as to include the territory attempted to be detached from plaintiff and attached to said district No. 8, and that he threatens to and is about to strike from the enumeration list of the children of school age residing in plaintiff district and place them in said district No. 8, all of which are contrary to law and in violation of plaintiff's rights.

"That there is not a legally organized and existing school

district in the county of Newton and State of Missouri designated as district No. 8, township 24, range 30, nor was there such a school district on the first Tuesday in April, 1901, or has there ever been; that no such district or districts being in legal existence, no territory could be attached to them for school purposes, and the action of the honorable school commissioner in changing the boundary lines of district No. 4, township 24, range 30, in Newton county, Missouri, and attaching a part of the territory belonging to and forming part of said district to either Stella school district or district No. 8, township 24, range 30, Newton county, Missouri, is illegal and void.

"That said commissioner entered into a collusion with said district No. 8, in attempting to unlawfully take said territory out of plaintiff district, and on the ninth day of April, 1901, caused notice to be served on plaintiff's district clerk that he would proceed to hear the appeal, and the plaintiff appeared at the time and place designated by the notice, and just before the hour arrived, to-wit, 1:30 p. m., said commissioner told plaintiff's representatives that he had no jurisdiction and would not further hear the proceedings, and said plaintiff's representatives then departed; but later, and in plaintiff's absence, said commissioner took up and considered said appeal, although he had on a previous occasion, to-wit, on the sixth day of April, heard said appeal and entered judgment for plaintiff.

"That the legally elected, qualified and acting board of directors of district No. 4, township 24, range 30, Newton county, Missouri, is John Edmonston, J. M. Maness and J. A. Hazel.

"That plaintiff has no adequate remedy at law, and that unless an injunction be granted, great and irreparable injury will be done plaintiff. Wherefore, plaintiff asks the judg-

ment of the court, that the defendant, P. R. Smith, county clerk, his servants and agents, be perpetually restrained and enjoined from changing the boundary line of said district No. 4, township 24, range 30, Newton county, Missouri, by detaching the north half of section 33, township 24, range 30, Newton county, Missouri, from said district No. 4; also that he be restrained and perpetually enjoined from striking from the enumeration list of said district No. 4, the name of any person resident within said district between the age of six and twenty years, and that he be restrained from extending on the taxbooks the said territory attempted to be detached from plaintiff district and extending the same so that the taxes will be collected for said district No. 8, instead of plaintiff, and for such other and further relief as to the court shall seem just and proper."

To the petition defendant filed the following demurrer:

"Comes now the defendant in this cause and demurs to plaintiff's petition herein, and, as grounds for his demurrer, assigns the following:

"First.   Because the plaintiff's petition does not state facts sufficient to constitute a cause of action.

"Second.   Because the facts stated in the petition do not show that plaintiff is entitled to a writ of injunction or other equitable relief.

"Third.   Because there is no equity in plaintiff's petition.

"Fourth.   Because the facts stated in the petition show that the defendant has not and can not perform any act which will injure the plaintiff or which can or ought to be restrained.

"Fifth.   Because injunction is not the proper remedy to correct the acts of the county school commissioner in changing the boundary lines of the districts mentioned in the petition.

"Sixth. Because there is a defect of parties defendant, in that school district No. 8, township 24, range 30, sometimes designated as Stella school district in the petition, is a necessary party defendant."

*Phipps & Prettyman* and *O. L. Cravens* for plaintiff in error.

(1) The ground upon which the court sustained the demurrer to the petition was that plaintiff had other adequate remedies at law by certiorari and mandamus, and for this reason injunctive relief could not be granted. Under the statute, the remedy by writ of injunction exists, "To prevent the doing of any legal wrong whatever, whenever in the opinion of the court adequate remedy can not be afforded by an action for damages." R. S. 1899, sec. 3649. It will be seen by this that the test applied by the law in determining whether an "adequate remedy" exists, is whether an action for damages will afford adequate and ready compensation. The object of this suit is to call in question the validity of the organization of district No. 8; to restrain defendant from changing the boundary lines of the plaintiff district; from striking from the enumeration list of plaintiff any children of school age; from extending on the taxbooks the territory attempted to be detached from plaintiff district, so that the taxes assessed against such property will not be collected for said district No. 8, instead of plaintiff, and for other proper relief. Can it be said that an action for damages would compensate plaintiff for the threatened injuries complained of? The recognition of the change of boundary lines of the two districts would be for all time to come and there could possibly be no measure of damages formulated to compensate plaintiff. Calvert v. Bates, 44 Mo. App. 632. (2) Even if it be contended that formerly the term,

"adequate remedy," can be said to apply to such extraordinary remedies as mandamus, certiorari, etc., it is well-settled law that "adequate remedy" now means, under the statute, an action for damages only.   Towne v. Bowers, 81 Mo. 491; Harris v. Township Board, 22 Mo. App. 462; Brewing Co. v. Sedalia W. W. Co., 34 Mo. App. 49; Jones v. Williams, 139 Mo. 37; Tel. Co. v. Guernsey, 46 Mo. App. 120.   (3) The remedy sought in this case has been entertained in this State. Suit was brought to restrain a county clerk from extending the taxes on the property in a school district claiming to have been regularly organized.   It was held that the regularity of the organization of the district could be inquired into and tested and determined in an injunction suit.   Perryman v. Bethune, 89 Mo. 158; School District v. Wallace, 75 Mo. App. 317; Richardson v. McReynolds, 114 Mo. 641.   (4) This suit is properly brought, and under the allegations of the petition, grounds for equitable intervention to preserve and protect plaintiff's rights by injunction are ample.   Under the statute, where the defendant is about, or threatens to, invade the rights of plaintiff, injunction is the remedy if action for damages does not afford an adequate compensation.   Calvert v. Bates, 44 Mo. App. 626; Buchanan v. School District, 25 Mo. App. 85.

*Sturgis & Geyer* for defendant in error.

(1) Quo warranto is the proper remedy to test the question as to whether a school district is legally organized.   State ex rel. v. Stone, 152 Mo. 202.   (2) The cases cited by plaintiff in support of its contention that the corporate existence of a school district can be tested by injunction, are different in the facts and in principle from the case at bar.   In Perryman v. Bethune, 89 Mo. 158, the resident taxpayers sought to restrain the collection of an illegal tax.   Our courts have confessedly

made an exception to the general rules in favor of injunctive relief in favor of taxpayers against illegal taxes. Railroad v. Lowder, 138 Mo. 538. (3) And in Ewing v. Board of Education, 72 Mo. 436, the court expressly held that the suit must be by the taxpayer himself, and that in such a suit (injunction) the corporate existence of the taxing body could not be questioned. In School District v. Wallace, 75 Mo. App. 317, the court held that the plaintiff's legal capacity to sue was directly put in issue by the answer and that it was not even a *de facto* corporation. Richardson v. McReynolds, 114 Mo. 641, was a suit by one of the school directors to restrain the issue of illegal bonds and in no way challenged the corporate existence of the district. (4) "In actions for injunction, as in others, the rule applies that all persons interested in the subject-matter should be made parties to the proceeding on either the one side or the other side of the record." 2 Spelling Extraordinary Relief, sec. 970; 10 Ency. Plead. and Prac., p. 892; State ex rel. v. County Board, 108 Mo. 235. Injunction suits should not be brought against nominal parties only. 2 High on Injunctions (3 Ed.), sec. 1551. And 2 Spelling Extraordinary Relief, sec. 974, says: "And where an action is brought against the treasurer and sheriff of a county to restrain the collection of taxes levied by a school district for building and library funds, upon the grounds that the levies are excessive; a final judgment will not be granted until the officers of the school district, directly interested in the collection of the taxes, are made parties defendant." Citing Railroad v. Wilhelm, 33 Kan. 206.

BLAND, P. J.—The elections were held under the provisions of section 9742, which requires the clerk of each district to post a notice of the proposed change in at least five public places in each district, fifteen days prior to election. The notice posted in district number four contained no description

of the territory to be detached from it and to be attached to district number eight. It did not name the district to which it was proposed to attach the territory nor the name of any district, nor was it signed by the clerk of district number four. A notice of an election under the above section must be as comprehensive as the petition for the change. It must inform the voters what change it is proposed to make in the boundaries of the districts interested. The notice posted in district number four wholly failed to give any intelligent description of the territory it was proposed to take from the one and to attach to the other district. The election in district number four was therefore null and void. School District v. School District, 94 Mo. 612; State ex rel. v. Gibson, 78 Mo. App. 170; School District v. Neal, 74 Mo. App. 553; State ex rel. v. Eden, 54 Mo. App. 31.

A valid election in each of the two districts was a necessary prerequisite to give the county school commissioner jurisdiction to proceed under the provisions of section 9742, supra, to form his board of arbitrators to consider and determine the necessity of the proposed change. State ex rel. v. Eden, supra. The proceedings of the county commissioner and the board of arbitration in detaching territory from district number four and attaching same to district number eight, is therefore null and void and confers upon the clerk of the county court (the defendant) no authority whatever to change the boundary lines on the map, of school district number four, on file in his office, nor any authority to transfer the school tax of any taxpayer in district number four to district number eight, nor to change the enumeration of children of school age in district number four. The petition alleges that he is about to do all of these legal wrongs and asks that he be restrained therefrom.

II. One of the grounds of the demurrer is that injunction is not the proper remedy to prevent the wrongs complained of. The last clause of section 3649, Revised Statutes 1899,

provides that the remedy by injunction shall exist "to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy can not be afforded by an action for damages." Should the wrongs complained of be consummated it would be a continuing one and the children of school age in the disputed territory would be enumerated in a district in which they do not belong and be compelled to attend the public schools in this district or forego the benefit of any public school. The taxes in the disputed territory which should go to district number four would go to number eight and the burden of taxation on the remaining taxpayers of district number four be thereby proportionately increased; in such circumstances it is evident that no rules for the measurement of damages can be formulated that would afford district number four adequate relief. Calvert v. Bates, 44 Mo. App. l. c. 632. Injunctive relief under somewhat similar circumstances has heretofore been afforded by the courts of this State without question (Perryman v. Bethune, 89 Mo. 158; School District v. Wallace, 75 Mo. App. 317), and we think our statute, which broadens the equity rule, warrants the remedy prayed for by the petition.

III. We do not think that the allegations of the petition are sufficient to raise the issue of the legality of the organization of district number eight. The proceedings called in question by the petition are not the ones which culminated in the organization of that district, but proceedings which are about to result in attaching new territory to the district as theretofore organized. If it is desired to attack the legality of the organization of the district, quo warranto, not injunction, is the appropriate remedy. State ex rel. v. Stone, 152 Mo. 202.

IV. The sixth and last ground of demurrer, to-wit, "that there is a defect of parties defendant in that school dis-

trict number eight is a necessary party," presents a more diffi-
cult question for solution.   No restraining order or judgment
is 'asked against the district or its officers and no such judg-
ment or order can be directly rendered against the district or
any of its officers.   The sole relief prayed for is to enjoin the
defendant from performing certain official acts which can be
performed by none other than defendant as clerk of the county
court; but the defendant has no interest in the subject-matter
in controversy while the district has, and should the defendant
be enjoined, the injunction would operate through him upon
the district as much so as if it were a party to the proceedings
and the district would be effectually deprived of the benefits
it would otherwise derive from the disputed territory as though
the decree was in terms directed against it and its officers.
High on Injunctions (3 Ed.), sec. 1551.   In A. T. & S. F.
Ry. Co. v. Wilhelm, 33 Kan. 206, it was held that, "Where
an action is brought against the sheriff and treasurer of a
county to restrain the collection of taxes levied by a school dis-
trict for building and library funds upon the ground that the
levies are excessive, a final injunction would not be granted
until the officers of the school district directly interested in the
collection of taxes are made parties defendant."   To grant the
relief prayed for would be as effectual against the school dis-
trict as though it were a party to the proceedings and it would
thus be deprived of its rights without the opportunity of being
first heard.   This is opposed to the fundamental principles of
the law.   State ex rel. Lemon v. Buchanan Co. Board of Eq.,
108 Mo. l. c. 241.   We, therefore, hold there was no error in
sustaining the demurrer and affirm the judgment.   *Goode,* and
*Barclay, JJ.,* concur in the result.