235 S.W.2d 78 (1950)
SPILKER et al.
v.
BETHEL SPECIAL SCHOOL DIST. OF SHELBY COUNTY et al.
No. 27989.
St. Louis Court of Appeals, Missouri.
December 19, 1950.
*79 R. Wilson Barrow, Macon, Ted A. Bollinger, Shelbyville, for appellants.
Lane B. Henderson, Shelbina, Rendlen & Rendlen, Branham Rendlen, all of Hannibal, for respondents.
ANDERSON, Presiding Judge.
This is a suit brought by plaintiffs, Walter Spilker and Carol Claggett, against Bethel Special School District of Shelby County, Missouri, and C. E. Swisher, C. F. Zeigler, H. V. Dutton, J. W. Lair, Carl Pflum, and Claud Dodd, Directors of said School District, as defendants, to enjoin said defendants from exercising any authority or control over the money, property and other assets of School District Number Four of Shelby County, commonly referred to as the "Brick District," on the ground that the Brick District was not legally annexed to the Bethel District at an election held for that purpose, due to the failure of the directors of said Brick District to observe certain statutory requirements in calling said election, and on account of certain irregularities occurring at said election.
Defendants filed a motion to dismiss plaintiffs' petition on the ground that it failed to state a claim upon which relief could be granted, and on the further ground that plaintiffs did not have legal capacity to bring this action. The court sustained this motion and dismissed the case, and from the judgment of dismissal plaintiffs have appealed.
Plaintiffs' petition is as follows:
"Come now the plaintiffs herein and for their cause of action state :
"(1) That plaintiffs are and were at all the times hereinafter mentioned residents of and tax payers in School District Number Four (4), commonly called the Brick District, of Shelby County, Missouri, hereinafter referred to as the Brick District.
"(2) That the defendants are the directors of the Bethel Special School District of Shelby County, Missouri, and said School District.
"(3) That on or about the 12th day of July, 1949, a petition asking for an annexation election in the Brick District was prepared and signed by ten (10) qualified voters of the Brick District, as provided by law; that thereafter, the said petition was acted upon by the Board of Directors of the Brick District at a pretended meeting of said Board of Directors which action resulted in the calling of a special school meeting or election in the Brick District to vote on annexation to a city, town, consolidated or village school district; that Section 10422, Revised Statutes of Missouri 1939 [Mo.R.S.A.] of which statute plaintiffs ask the court to take judicial notice, requires due notice be given all members of the time, place and purpose of the director's meeting; that one director of the Board of Directors of the Brick District did not have any knowledge of any action taken at said director's meeting. That by reason of the director not having proper notice of the director's meeting there was no legal director's meeting in fact and the action taken by the Directors present was illegal and void and of no force or effect.
"(4) The plaintiffs further state to the court that the special school meeting or election was held on the 28th day of July, 1949, for the purpose of voting for or against annexation of the Brick District to a city, town, consolidated or village school district, or, particularly, to the defendant Special School District; that the meeting or election was called to order and the polls were opened at 1 o'clock p.m. for the purpose of casting ballots on the aforesaid issue; that the polls closed and all votes were *80 cast by 1:30 o'clock p.m.; that there are approximately fifty-two (52) eligible voters in the Brick District but that at the said election only nine (9) votes were cast, all of which being for annexation; that at 2 o'clock p.m., a legally qualified voter appeared at the polling place with the intention and purpose to cast his ballot but found the polls closed and no one present; that said voter by reason of the action in closing the polls at such an early hour was denied the right to cast his ballot; that by reason of such failure to keep the polls open the required length of time as provided by Section 10418, Revised Statutes of Missouri, 1939, [Mo.R.S.A.]; of which statute plaintiffs pray the court to take judicial notice, that is, from 2 o'clock p.m. until 6 o'clock, p.m., other voters were denied the right to cast their ballots.
"(5) That after said election was held the results thereof were certified to the board of directors of the Bethel Special School District defendants herein; which board, by their order, accepted the Brick District.
"(6) Plaintiffs further state to the court that the election held in the Brick District was illegal and of no force or effect; that the defendants as members of the Board of Directors of the defendant Bethel Special School District are unlawfully attempting to take and assume control over all the money, property and other assets of the Brick District; that by reason of the election as aforesaid being unlawful and void the defendants have no legal right to assume any control over the aforesaid properties.
"(7) Plaintiffs further state that they have no adequate remedy at law, and that unless an injunction be granted against the defendants great and irreparable injury will be done plaintiffs.
"Wherefore, Plaintiffs pray the court for its proper order perpetually and permanently restraining and enjoining defendants from exercising any authority or control over the money, property and other assets of the Brick District."
Appellants contend that the trial court erred in sustaining defendants' motion to dismiss.
At the threshold of this case we meet this question: Can these plaintiffs draw into question the right of the Bethel Special School District to exercise its corporate powers within the territory known as the Brick District, which it claims to have lawfully annexed? We do not think so. It is our opinion that the facts alleged in the petition show a de facto annexation which can only be questioned by the proper State authority in a direct proceeding for that purpose. Fly v. Jackson, 226 Mo.App. 203, 45 S.W.2d 919; School District No. 35 v. School District No. 32, Mo.App., 247 S. W. 232; Bonderer v. Hall, Mo.Sup., 205 S. W. 542; State ex rel. Consolidated School District No. 2, Clinton County v. Hunt, Mo. Sup., 199 S.W. 944; State ex rel. Consolidated School District No. 1, Mississippi and New Madrid Counties v. Jones, 320 Mo. 353, 8 S.W.2d 66; State ex inf. Barker v. Smith, 271 Mo. 168, 196 S.W. 17; Black v. Early, 208 Mo. 281, 106 S.W. 1014.
The foregoing cases deal with the organization of consolidated school districts and hold that a private individual cannot attack the legality of the corporate existence of such school districts on account of any irregularity in their organization, but that such action can only be brought by the State in a quo warranto proceeding. The same principle should apply to a case such as the one at bar, where the legality of an annexation is attacked on account of some irregularity in the proceeding wherein the school district seeks to acquire additional territory. State ex rel. Childs, Atty. Gen. v. Board of Com'rs. of Crow Wing County, 66 Minn. 519, 69 N.W. 925, 35 L.R.A. 745.
Some courts give as the reason for the above mentioned rule that corporate franchises are grants of sovereignty only, and, if the state acquiesces in their usurpation, individuals will not be heard to complain. Others base the rule upon consideration of public policy, emphasizing the importance of stability and certainty in such matters, and the serious consequences which might follow if the existence of a public corporation could be called in question by persons who do not have an interest in the matter separate and distinct from that of the State itself. But, whatever reason is *81 advanced, the rule is unanimous that where a public body has, under color of authority, assumed to exercise the power of a public corporation of a kind recognized by law, the validity of its organization can only be challenged by the State. The same rule applies where such public corporation extends its authority, under color of law, over additional territory. Its de facto existence in such territory should not be allowed to be questioned by private individuals. State ex rel. Childs, Atty. Gen., v. Board of Com'rs. of Crow Wing County, 66 Minn. 519, 69 N.W. 925, 35 L.R.A. 745. Such being the law, it necessarily follows that the trial court properly sustained the motion to dismiss.
The judgment appealed from is affirmed.
McCULLEN and BENNICK, JJ., concur.