**J. S. LANE (Plaintiff), Appellant,**

**v.**

**James O. FINNEY, Trustee of Bucklin Township, Linn County, Missouri, and Frank Hoskins, Treasurer and Ex-Officio Collector of Linn County, Missouri (Defendants), Respondents,**

**and**

**Reorganized School District R–II (Intervenor), Respondent.**

**No. 22153.**

Kansas City Court of Appeals.

Missouri.

Jan. 11, 1955.

H. K. West, Brookfield, for appellant.

Harry L. Porter, Marceline, for respondents.

CAVE, Presiding Judge.

Plaintiff filed a petition seeking to enjoin the defendants from paying to the officers of Reorganized District R–II certain school funds.

The petition alleged that plaintiff was a resident and taxpayer of Bucklin Township and Warren School District No. 61 of Linn County; that James O. Finney was the duly elected and qualified trustee of Bucklin Township, and defendant Frank Hoskins was the duly elected and qualified treasurer and ex officio collector of Linn County; that on May 2, 1952, a purported and pretended election was held in Warren School District No. 61, wherein the voters of said district voted to be annexed to said Reorganized District R–II; that said purported election was wholly void, because (1) upon the establishment of the Linn County Board of Education in August, 1948, and at all times thereafter, Warren School District

No. 61 was under the jurisdiction of said board, which was proceeding, and at all times thereafter had been proceeding, to place said Warren School District in a reorganized district, and that at no time had the board of education ever placed said Warren School District in District R–II, where this pretended and purported election would undertake to place said Warren District; that having acquired jurisdiction over the territory of Warren District, the Linn County Board of Education still retains jurisdiction over the territory thereof and has never relinquished said jurisdiction for any purpose, and that District R–II cannot acquire jurisdiction over said Warren District by this election or in any way except as provided by the Reorganization School Laws of the State; and (2) that said purported election held on May 2, 1952, was void because another and prior election was held in August, 1951, by which a proposition for annexation was submitted to the voters of Warren District, in which it was proposed that they determine whether or not said district should be divided and part thereof annexed to District R–II and part to the Oak Dale District, and that said proposal was rejected by the voters; however, under the school laws of this state, no election can be held within two years from the date of the election held in August, 1951. The petition further alleged that the defendants are custodians of funds used in support of schools in Warren District and that unless restrained they will pay over to District R–II and the officers thereof, money and funds which have come or may hereafter come into their hands as the property of said Warren District, and that said Warren District will be deprived of the funds to which it is lawfully entitled and the tax money of this plaintiff will be erroneously converted and paid into School District R–II, and that Warren District will be deprived of its share of tax money and additional taxation will be required from the taxpayers of Warren District, including this plaintiff, to pay the costs of schools in said district. The prayer of the petition asked the court to enjoin the defendants from paying over or releasing any such school funds to any person or persons other than the properly elected authorities of Warren School District No. 61.

The petition was filed in the Circuit Court of Linn County on the 3d day of May, 1952, and summons was issued and served on the same date. The defendants filed no pleading or motion. However, on the 14th day of May, 1952, the Reorganized School District R–II filed an application to intervene because of its interest in the school fund, and that the defendants would not adequately represent it in the pending suit. This motion was sustained and District R–II filed a petition alleging that at a duly called election held on May 2, 1952, Warren School District voted to annex to District R–II and that thereafter, District R–II accepted said Warren District, as provided by law; that the petition filed by the plaintiff constitutes an attack upon the validity of said annexation, and thereby directly challenges the legal status of District R–II; that the election on May 2, 1952, for the annexation of Warren District to District R–II was in all respects legal, and denied the allegations of illegality set out in plaintiff's petition; and prayed the court to declare said annexation election to be valid and order the defendants to pay to District R–II all tax monies in their possession which had been levied and collected upon property in said Warren District.

Thereafter, intervenor, District R–II, filed a motion to dismiss plaintiff's petition for the reason that said petition constitutes a collateral attack on the validity of the election of annexation of Warren School District, and that such an attack cannot properly be made by suit for injunction against the defendants named in the petition. This motion was overruled. Whereupon, intervenor filed application for change of venue and the cause was transferred to the Circuit Court of Livingston County. The cause was submitted to that court on stipulated facts and in due time the court entered judgment declaring the annexation election on May 2, 1952, was in all respects valid, and ordered the defendants to pay to intervenor, District R–II, all tax monies

held by them on property assessed in Warren School District.

Plaintiff's motion for new trial was overruled and appeal was perfected to this court.

It is apparent that plaintiff, as an individual taxpayer, seeks to have declared invalid an election held in Warren School District No. 61, to become annexed to and a part of Reorganized District R–II, by enjoining Finney, as trustee of Bucklin Township, and Hoskins, as treasurer and ex officio collector of Linn County, from delivering to Reorganized District R–II certain funds alleged to belong to Warren School District No. 61. Plaintiff does not make either school district or the officers thereof parties to such proceeding. However, Reorganized District R–II was permitted to intervene and did file a motion to dismiss the petition for the reasons above stated, which motion was overruled; consequently, the right of the plaintiff to maintain this suit is in issue on appeal.

■ It is well established that the legality of the organization of a school district cannot be inquired into by injunction brought by an individual; but must be assailed, if at all, by quo warranto in the name of the state through the prosecuting attorney or attorney general. Fly v. Jackson, 226 Mo.App. 203, 45 S.W.2d 919, 923; State ex rel. Frisby v. Stone, 152 Mo. 202, 53 S.W. 1069; Spiking School District v. Purported "Enlarged School District R–II", 362 Mo. 848, 245 S.W.2d 13, 21; Spilker v. Bethel Special School District, Mo.App., 235 S.W.2d 78, 80; Schmidt v. Goshen School District, Mo.App., 250 S.W.2d 834.

■ The opinion in the Spilker case [235 S.W.2d 79] is directly in point on the issue in the instant case. There, two taxpayers brought an injunction suit against Bethel Special School District and the directors "to enjoin said defendants from exercising any authority or control over the money, property and other assets of School District Number Four * * * commonly referred to as 'the Brick District', on the ground that the Brick District was not legally annexed to the Bethel District at an election held for that purpose, due to the failure of the directors of said Brick District to observe certain statutory requirements in calling said election, and on account of certain irregularities occurring at said election". After setting out the petition and the fact that the trial court had sustained the motion to dismiss, the court said, 235 S.W.2d 80: "Can these plaintiffs draw into question the right of the Bethel Special School District to exercise its corporate powers within the territory known as the Brick District, which it claims to have lawfully annexed? We do not think so. It is our opinion that the facts alleged in the petition show a de facto annexation which can only be questioned by the proper State authority in a direct proceeding for that purpose. (Citing many cases.) The foregoing cases deal with the organization of consolidated school districts and hold that a private individual cannot attack the legality of the corporate existence of such school districts on account of any irregularity in their organization, but that such action can only be brought by the State in a quo warranto proceeding. The same principle should apply to a case such as the one at bar, where the legality of an annexation is attacked on account of some irregularity in the proceeding wherein the school district seeks to acquire additional territory. * * * the rule is unanimous that where a public body has, under color of authority, assumed to exercise the power of a public corporation of a kind recognized by law, the validity of its organization can only be challenged by the State. The same rule applies where such public corporation extends its authority, under color of law, over additional territory. Its de facto existence in such territory should not be allowed to be questioned by private individuals."

In the Spiking School District case, an opinion by the court en banc, the action was for a declaratory judgment to test the validity of the consolidation of certain school districts, and the court held that such an action would not lie under the pleadings

and facts in that case, and cited with approval the holding in the Spilker case.

In the Schmidt case, supra, this same question was presented by a taxpayer's suit for declaratory judgment attacking the validity of an election to annex one school district to another. The parties attacked the correctness of the opinion in the Spilker case, 250 S.W.2d 836, "on the ground that an attack upon the mere expansion of a school district is not an attack upon its corporate existence, and that the action can therefore be maintained by a private citizen". Citing certain cases, some of which are included in plaintiff's brief. The court analyzed those decisions and reaffirmed the conclusion reached in the Spilker case.

We have considered the cases cited by plaintiff and find them distinguishable on the pleadings and issues presented, and consider the very recent cases cited supra as controlling.

There is one significant difference in the instant proceeding and all other cases we have read, and that is: In other cases, the school district or districts and the officers are made parties, either as plaintiff or defendant. That was not done in the present case. Plaintiff sought to have declared illegal an election annexing two school districts, without making either a party.

 It is our conclusion that plaintiff cannot maintain the alleged cause of action. It follows that the judgment on the merits should be reversed and the cause remanded with directions to the trial court to dismiss the petition. Section 512.160 RSMo 1949, V.A.M.S.

All concur.