**COX CHAPEL SCHOOL DISTRICT NO. 4 OF ATCHISON COUNTY, Missouri, et al., Appellants,**

v.

**ATCHISON COUNTY SUPERINTENDENT OF SCHOOLS et al., Respondents.**

**No. 24979.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

———◆———

Beavers & Zahnd, Joe Beavers, Maryville, Getscher & Getscher, Edwin A. Getscher, Hamburg, Iowa, for appellants.

Walter L. Mulvania, Rock Port, John M. Gerlash Tarkio, for respondents.

MORGAN, Judge.

This is an action for injunctive relief. The appeal was first considered by our Supreme Court as reported in 426 S.W.2d 913 and that court, after disposition of those constitutional questions sought to be raised, transferred the case to this court with the admonition that, " * * * the only question properly presented by this appeal is whether or not the trial court erroneously dismissed plaintiffs' petition on the ground that the organization of the new district had been concluded and therefore quo warranto was the only procedure whereby the question of the validity of the formation of the new district could be raised."

We will adopt and quote from that opinion those facts which appear to be relevant to the remaining issue preserved for our review. They are:

"The Atchison County Board of Education prepared a plan of reorganization of the unreorganized school districts of the county. The plan combined Common School Districts 4 (Cox Chapel), 5 (Union), 14 (Highland), 15 (Star) and C-2 (Watson) with R-II District (Rock Port). The State Department of Education approved the plan. On January 31, 1966, the county board set an election on the proposal for February 18, 1966. The election was held on that date and the proposal approved by a vote of 660 for and 349 against the proposal. (The vote at Cox Chapel School House was against the proposal, by 37 to 1, at Star School House, against 75 to 1, at Watson School House, against by 96 to 46, but favorable at Rock Port by 609 to 135.)

"The county board met in the evening of February 18, canvassed the results of the election and declared that the election creating the newly formed School District R-II had been legally held. The board fixed March 11 as the date for the election of members of the board of education of the new district.

"On March 10, 1966, the action which is the subject of this appeal was filed in the Atchison County Circuit Court by Cox Chapel School District No. 4 and approximately fifty individuals who described themselves as taxpayers of Cox Chapel District and parents of children of school age within the district. The defendants are the Atchison County Superintendent of Schools and the members of the County Board of Education.

"The petition alleged that the action of the County Board of Education in including the Cox Chapel District within the proposed reorganized district was an abuse of discretion for the reason that the Cox Chapel District was separated from the remainder of the proposed reorganized district by the Nishnabotna River, across which there are no roads or bridges; that the 'only outlet' for school children in the area is into the State of Iowa and children presently residing in the district are being educated in the Hamburg, Iowa Community School District; that the proposed district could serve the Cox Chapel District only by transporting the children 23 to 30 miles, immediately past the Hamburg school.

\* \* \* \* \* \*

"The prayer of the petition was (as far as pertinent here) * * * for a restraining order 'from further acts or reorganization procedure including the election of directors,' for a temporary injunction and

a permanent injunction against further proceedings for reorganization and for a judgment that the 'reorganization procedure be declared null and void.'

"On the date that the petition was filed, the court issued a temporary restraining order against further acts of reorganization procedure, including the election of directors, and set a hearing on the request for a temporary injunction on March 28.

"On March 16, the court amended its restraining order to allow steps to be taken for an election of directors to be held after March 28. On March 28, hearing on the continuation of the restraining order and on the request for a temporary injunction was held. The court, on March 31, dissolved the restraining order and refused to issue a tempory injunction.

"The election of directors for the new R-II district was held on April 5 and the results canvassed and six directors declared elected at a meeting of the County Board of Education on the evening of April 5.

"On May 28, the defendants in this case filed a motion to dismiss plaintiffs' petition on the grounds that the petition struck at the organization of a school district and its corporate existence, and that quo warranto was the sole method of raising such questions. On September 19, 1966, the circuit court entered an order sustaining the motion to dismiss."

■ As previously noted, the one issue in this appeal is the right of plaintiffs to maintain this suit in equity for injunctive relief. Although the allegations of the petition are directed toward the named defendants who comprise the Atchison County Board of Education, and initially seek to enjoin the board from calling an election for selection of a new board for the school district as reorganized, the ultimate objective as stated in the prayer thereof is for a judgment that the "reorganization procedure be declared null and void." We construe this action to be an attack on the new district itself. Schmidt v. Goshen School Dist., Dist. No.

12, Mo.App., 250 S.W.2d 834, 836. The justification for so concluding is found in the following statement in plaintiffs' brief: "It is respectfully submitted that the trial court erred in not preserving the status quo until plaintiffs had been heard on the merits of their charges of abuse of discretion and of the unconstitutionality of the action of the Atchison County Board of Education in taking the area then represented as the Cox Chapel School District No. 4 into the proposed new Rock Port Reorganized R-II School District. * * *"

The petition was filed on March 10, 1966, and the status of the new district on that date will be determinative of the question to be answered. Prior to that date and on February 18, 1966, an election was held wherein the voters of the area could vote for or against the proposed plan of reorganization. They expressed their approval by a vote of 660 to 349. That evening the results were canvassed and entered of record. At that moment the new district came into being and from that time forward its corporate existence was a reality. The authority for so holding is found in State ex inf. Barrett ex rel. Cutler v. Foxworthy, 301 Mo. 376, 256 S.W. 466, wherein our Supreme Court declared, "We hold, therefore, that the consolidated district was organized when the vote to organize was cast and counted." We further find, 256 S.W. at page 468, "That language implies that before the directors are to be elected organization has been completed * * *" See also State ex inf. Eagleton ex rel. Reorganized School Dist. R-I of Miller County v. Van Landuyt, Mo., 359 S.W.2d 773, 780.

■ Finding the new district did exist on March 10, 1966, when the petition was filed, we must hold that seeking relief as prayed for through injunctive procedures cannot be approved, because quo warranto is the exclusive remedy provided by law. We so held in Lane v. Finney, Mo.App., 274 S.W.2d 521: "It is well established that the legality of the organization of a school district cannot be inquired into by injunction brought by an individual; but must be

assailed, if at all, by quo warranto in the name of the state through the prosecuting attorney or attorney general. Fly v. Jackson, 226 Mo.App. 203, 45 S.W.2d 919, 923; State ex rel. Frisby v. Stone, 152 Mo. 202 53 S.W. 1069; Spiking School District [No. 71, De Kalb Co.] v. Purported 'Enlarged School District R-II', 362 Mo. 848, 245 S.W. 2d 13, 21; Spilker v. Bethel Special School District, Mo.App., 235 S.W.2d 78, 80; Schmidt v. Goshen School District, Mo. App., 250 S.W.2d 834." See also State ex rel. Cainsville Reorganized School District No. 1 of Harrison County v. Tomes, Mo.App., 299 S.W.2d 892, 895. In the Spiking case, supra, our Supreme Court said at page 21 of 245 S.W.2d: "The proper action for that purpose is quo warranto." The plaintiffs, in apparent anticipation that injunction was not the correct remedy, suggest their position can be sustained under Section 536.150 V.A. M.S. That section provides a remedy by injunction for persons aggrieved by the decision of an administrative agency where no other provision for review is provided. It was not designed to change the law controlling this case. May Department Stores Co. v. State Tax Commission, Mo., 308 S. W.2d 748, 756.

■ It also should be noted that the election of directors has been held and any attack on that proceeding is now moot and presents no justiciable controversy, Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494; Perseverance Common School District No. 90 v. Honey, Mo.App., 367 S.W.2d 243, plus the fact plaintiffs offered no evidence at the hearing held on March 28, 1966.

That the facts in this case and the conclusions herein reached cannot be subject to the comment that legal technicalities took precedence over an alleged right, the actual position of the parties can best be reflected by again quoting from the Spiking case, supra, 1. c. 17 of 245 S.W.2d: "The allegations of the petition concerning geographical location and convenience are, of course, immaterial because the action of the County Board in fixing the area and bound-

aries of the district (as authorized by RS Mo 1949, Sec. 165.677, V.A.M.S.,) *after approval by the voters*, is not subject to judicial review. See State ex rel. Consolidated Dist. No. 9 of New Madrid County v. Thompson, 325 Mo. 1170, 30 S.W.2d 603."

The judgment is affirmed.

All concur.